UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS J. HEYDEN,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>MINERAL COUNTY DETENTION FACILITY, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:24-cv-00600-ART-CLB<br><br>SCREENING ORDER |

Plaintiff Thomas Heyden, who is detained at Mineral County Detention Facility ("MCDF"), has submitted a civil rights complaint under 42 U.S.C. § 1983 ("Complaint"), an application to proceed *in forma pauperis*, and duplicate motions seeking the appointment of counsel and a preliminary injunction. (ECF Nos. 7, 8, 11, 12.) Because Plaintiff is unable to pay the full filing fee, the Court grants his application to proceed *in forma pauperis*. (ECF No. 11.) The Court now screens Plaintiff's Complaint under 28 U.S.C. § 1915A and disposes of the motions.

I. **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). to state a

claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

In his Complaint, Plaintiff sues multiple Defendants for events that took place while he was detained at MCDF. (ECF No. 12 at 1.) Plaintiff sues Defendants MCDF, Mineral County Sheriff's Office ("MCSO"), Deputy Moon Kim, and Sgt. R. Bolanos. (*Id.* at 1–2.) Plaintiff brings three claims and seeks monetary

1 relief. (*Id.* at 3–6.)

2   Plaintiff alleges the following facts. On March 16, 2023, at what appears to have been Plaintiff's arraignment, a judge set Plaintiff's bail for $50,000. (*Id.* at 2.) Three days later, the bail amount was lowered to $30,000. (*Id.*) For the next several months, Plaintiff attempted to post a bail bond through two different companies, but he was unsuccessful. (*Id.*) He learned that Deputy Kim had given false information to one of the bond companies, which prevented him from posting bail. (*Id.* at 3.) And Sgt. Bolanos refused to fax or email the other company the charges against Plaintiff. (*Id.*) These officers interfered with Plaintiff's ability to obtain a bail bond because they thought the $30,000 bail amount was too low. (*Id.* at 2.) Two years later, Plaintiff remains detained at MCDF and has not been able to post bail. (*Id.*)

  Based on these allegations, Plaintiff raises three claims relating to his right to post bail under the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment. Plaintiff, however, cannot raise these claims at this time.

  In *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, the Supreme Court held that, where a judgment in a prisoner's favor on a § 1983 action would necessarily imply the invalidity of the individual's confinement, the claim is not cognizable until the confined individual demonstrates that the sentence or conviction has been invalidated. *Heck*, 512 U.S. at 483, 486. In this case, while Plaintiff seeks damages for the Defendants blocking his access to posting bail, if the Court were to find in Plaintiff's favor, it would imply the invalidity of his confinement for the past two years because he would have been already released on bail. Thus, Plaintiff's petition must be brought via writ of habeas corpus because it inherently challenges the fact of his current confinement. *Coil v. Wolfson*, No. 2:24-cv-00304-RFB-DJA, 2024 U.S. Dist. LEXIS 116094, at *9 (D. Nev. July 2, 2024); *Hood v. Friel*, No. 3:23-cv-00486-MMD-CLB, 2023 U.S. Dist.

LEXIS 205601, at *5 (D. Nev. Oct. 18, 2023). After conviction, such a habeas claim becomes moot because bail can no longer be granted, but then Plaintiff may seek to raise a viable § 1983 actions for damages. *Coil*, 2024 U.S. Dist. LEXIS 116094, at *9. Because Plaintiff is a pre-trial detainee who has not yet been convicted, the Court dismisses this case without prejudice to Plaintiff bringing his claim in a petition for writ of habeas corpus. The Court orders the Clerk of the Court to close this case and enter judgment.

### III.   MOTIONS

Plaintiff files duplicate motions seeking the appointment of counsel and a preliminary injunction. (ECF Nos. 7, 8.) Seeking the appointment of counsel and a preliminary injunction requires Plaintiff to show he is likely to succeed on the merits of his case. *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (stating legal standard for appointment of counsel in a civil case); *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (stating legal standard for injunctive relief). Because the Court has dismissed the entire Complaint without prejudice, he fails to establish that he is likely to succeed on the merits of his case. The Court therefore denies the motions (ECF Nos. 7, 8) without prejudice.

### IV.   CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* without having to prepay the filing fee (ECF No. 11) is **GRANTED**. Plaintiff shall not pay an initial installment fee, prepay fees or costs or provide security for fees or cost, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915.

To ensure that Plaintiff pays the full filing fee, **IT IS FURTHER ORDERED** that the Inmate Accounting Chief at MCDF will forward payments from the account of **Thomas Heyden, #24218** to the Clerk of the United States District

1  Court, District of Nevada, 20% of the preceding month's deposits (in months that
2  the account exceeds $10.00) until the full $350 filing fee has been paid for this
3  action.  The Clerk is directed to **SEND** copies of this order to the Finance Division
4  of the Clerk's Office <u>and</u> to the attention of the Inmate Accounting Chief at
5  Mineral County Detention Center, 105 South A St., Hawthorne, NV 89415.

It is further ordered that the motions for counsel and a preliminary injunction (ECF Nos. 7, 8) are denied without prejudice.

It is further ordered that the Clerk of the Court shall send Plaintiff a courtesy copy of the Complaint (ECF No. 12).

It is further ordered that the Complaint (ECF No. 12) is dismissed without prejudice to Plaintiff filing a petition for writ of habeas corpus.

It is further ordered that the Clerk of the Court enter judgment and close this case. No other documents may be filed in this now-closed case.

It is further ordered that the Court certifies that an *in forma pauperis* appeal from this order would **not** be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

DATED THIS 3rd day of September 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE